# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LARRY LLOYD,

    Plaintiff,

v.

CHIEF MIKE POWELL *et al.*,

    Defendants.

NO. C09-5734 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND TO SUPPLEMENT COMPLAINT

Before the court is Plaintiff's Motion to Appoint Counsel and to Supplement Complaint. Dkt. 13. Having reviewed Plaintiff's motion, Defendant's response (Dkt. 16) and balance of the record, the court finds, for the reasons stated below, that the motion should be denied.

*DISCUSSION*

A.    *Motion for Counsel*

No constitutional right exists to appointed counsel in a § 1983 action. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). *See also United States v. $292,888.04 in U.S. Currency*, 54 F.3d 564, 569 (9th Cir. 1995) ("[a]ppointment of counsel under this section is

discretionary, not mandatory.") However, in "exceptional circumstances," a district court may appoint counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1) (formerly 28 U.S.C.§ 1915(d)). *Rand v. Roland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *overruled on other grounds,* 154 F.3d 952 (9th Cir. 1998) (emphasis supplied.) To decide whether exceptional circumstances exist, the court must evaluate both "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)). A plaintiff must plead facts that show he has an insufficient grasp of his case or the legal issue involved and an inadequate ability to articulate the factual basis of his claim. *Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004).

That a *pro se* litigant may be better served with the assistance of counsel is not the test. *Rand*, 113 F.3d at 1525. Moreover, the need for discovery does not necessarily qualify the issues involved as "complex." *Wilborn,* 789 F.2d at 1331. Most actions require development of further facts during litigation. But, if all that was required to establish the complexity of the relevant issues was a demonstration of the need for development of further facts, then practically all cases would involve complex legal issues. *Id.*

Plaintiff states that he should be appointed counsel because he has limited access to the prison library, that prison staff are restricting him from the library because he filed this lawsuit, that his medication makes it difficult to read large volumes of legal papers, that he suffers from medical problems that make it difficult for him to articulate the issues. Dkt. 13, ¶¶ 2-12, 13, 20.

Plaintiff's imprisonment, lack of access to the library, and lack of legal skills are not exceptional circumstances that warrant the appointment of counsel. Plaintiff claims that he has not been afforded access to the law library, but the documents submitted in support of his motion belie this claim. He submitted a kite on December 25, 2009 asking to use the law library to prepare a motion. Dkt. 14, Exh. 1. He was taken to the library on December 26, 2009 and advised to put in kites for each similar request. *Id*. On January 2, 2010, Plaintiff sent another kite requesting access ot the law library. *Id.*, p. 30. The kite was received the next day and on January 4, 2010, Plaintiff "refused to go to the law library." *Id.* In addition, Plaintiff has provided the court with no evidence to support his claims that he is hindered by certain medical problems.

Plaintiff has demonstrated an adequate ability to articulate his claims *pro se*. Plaintiff has not demonstrated that the issues involved in this case are complex or that he has had any difficulties in expressing them. Plaintiff has also not shown a likelihood of success on the merits beyond his conclusory allegations that his case has merits. Therefore, his motion for appointment of counsel shall be denied.

B.  *Motion to Supplement Complaint*

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 - to facilitate decisions on the merits rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme

liberality." *Id.*; see also *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir.1987).

Four factors are relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. See *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Futility of amendment can alone justify the denial of a motion for leave to amend. See *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir.1988). In other words, if the proposed amended complaint cannot withstand a motion to dismiss, it should be denied as futile. See *id.* (citing 3 J. Moore, Moore's Federal Practice § 15.08[4] (2d ed.1974)).

Plaintiff has not moved to amend his complaint, but moves to file a "First Supplement Complaint" in which he seeks to add additional parties, the "City of Fork's Jail/Police Department" and the "City of Fork's Community Hospital District No. 1," to his original complaint. Dkt. 13-3. This motion is denied. First, Plaintiff is advised that an amended complaint operates as a complete substitute for (rather than a mere supplement to) the present complaint. An amended pleading supersedes the original. *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir.1990); See also *Ferdick v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987) (citation omitted); see also *Marx v. Loral Corp.*, 87 F.3d 1049, 1055 (9th Cir.1996); cf. *USS-Posco Indus. v. Contra Costa County Bldg. & Constr. Trades Council, AFL-CIO*, 31

F.3d 800, 811-12 (9th Cir.1994). Thus, all parties and causes of action must be set forth in an amended complaint, including those presently plead or they will be lost.

Second, Plaintiff has not set forth allegations of any constitutional violation as to these entities to state a claim under 42 U.S.C. § 1983. A §1983 complaint must allege that the conduct complained of was committed by a person acting under color of state law and that the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, *Daniels v. Williams*, 474 U.S. 327 (1986). Plaintiff must allege facts showing how *individually* named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978). A theory of respondeat superior is not sufficient to state a section 1983 claim. *Padway v. Palches*, 665 F.2d 965, 968 (9th Cir. 1982).

Personal participation is connected to causation. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts and omissions are alleged to have caused a constitutional violation. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir.1988).

In order to set forth a claim against a municipality under 42 U.S .C. § 1983, a plaintiff must show that the defendant's employees or agents acted through an official custom, pattern or policy that permits deliberate indifference to, or violates, the plaintiff's civil rights; or that the entity ratified the unlawful conduct. See *Monell v. Department of Social Servs.*, 436 U.S.

658, 690-91 (1978); *Larez v. City of Los Angeles*, 946 F.2d 630, 646-47 (9th Cir.1991). Municipal liability would not attach for acts of negligence by employees of the jail or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir.1989). Evidence of mistakes by adequately trained personnel or the occurrence of a single incident of unconstitutional action by a non policy-making employee is not sufficient to show the existence of an unconstitutional custom or policy. *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1444 (9th Cir.1989).

Here, Plaintiff seeks to add the "City of Fork's Jail/Police Department" and "City of Fork's Community Hospital District No. 1," as parties. He has, however, failed to name any individual who has violated his constitutional rights. In addition, he has failed to identify a policy, practice, or custom of these municipal entities that is at issue in this case. Municipal liability would not attach for acts of negligence by employees or for an unconstitutional act by a non policy-making employee. *Davis v. City of Ellensburg*, 869 F.2d 1230, 1234-35 (9th Cir.1989). Accordingly, absent allegations of a policy, practice, or custom of these entities, they are not proper parties to this action.

According, it is **ORDERED** that Plaintiff's motion for counsel and to supplement complaint (Dkt. 13) is **DENIED.** The Clerk shall send a copy of this Order to Petitioner and counsel for Defendants.

**DATED** this  26th  day of February, 2010.

Karen L. Strombom
United States Magistrate Judge