# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LARRY LLOYD,

                Plaintiff,

  v.

MIKE POWELL, *et al.*,

                Defendants.

No. C09-5734 BHS/KLS

ORDER DENYING MOTIONS TO COMPEL DISCOVERY

Before the court are Plaintiff's "Letter of Correspondence Seeking Answers to Plaintiff Interrogatories." Dkts. 51 and 54. Having reviewed the requests, Defendants' responses (Dkts. 52 and 60), and balance of the record, the Court finds that the motions should be denied as Plaintiff failed to include a certification in his "motions" that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed. R. Civ. P. 37(a)(2)(B).

## *DISCUSSION*

A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Fed. R. Civ. P. 37(a). The motion also "must include a certification that the movant has in good faith conferred or attempted to confer

ORDER - 1

with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

The parties must confer and make a good faith effort to resolve any discovery disputes without court interference. The court anticipates that the parties will confer in good faith and if they cannot amicably resolve this issue, Plaintiff may file a motion to compel, and shall include a certification stating that their efforts were unsuccessful, and shall identify those areas of disagreement that remain unresolved. The court will not address any subsequent motion which lacks such a certification. Plaintiff is also reminded that future requests for relief from this court must be made in the form of a motion, served on counsel for Defendants, and noted on the court's calendar for consideration.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motions to compel (Dkts. 51 and 54) are **DENIED.**

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this  15th  day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 2