UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

    Plaintiff,

    v.

CHIEF MICHAEL POWELL, et al.,

    Defendants.

Case No. C09-5734BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the report and recommendation of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 45) and Plaintiff's ("Lloyd") objection to the report and recommendation (Dkt. 63). The Court has considered the report and recommendation, Lloyd's objections, Defendants' motion to dismiss (Dkt. 27), and the remaining record. The Court hereby adopts the report and recommendation and grants Defendants' motion for summary judgment (Dkt. 20).

## I. PROCEDURAL AND FACTUAL HISTORY

This matter arises out Lloyd's constitutional challenge regarding medical treatment he received at the Forks Community Hospital Emergency Department for chest and abdominal pain. He brings this action pursuant to 42 U.S.C. § 1983 or medical negligence under RCW 7.70.040. Dkt. 45 at 1. On December 2, 2009, Lloyd filed his complaint against Chief Powell. Dkt. 4. On March 10, 2010, Chief Powell Defendants filed their motion to dismiss Lloyd's claims. Dkt. 27. This motion was converted into a motion for summary judgment. Dkt. 68.

In his complaint, Lloyd alleged that "Dr. Bokhari violated his Eighth Amendment rights when, despite having told him that he would suffer a damaged kidney from the 'high

ORDER – 1

levels of toxic poisoning' in his kidney, she refused to accurately reflect this poison and toxic information in [Lloyd's] medical reports for further diagnosis and treatment." Dkt. 45 at 5 (citing Lloyd's complaint, Dkt. 4). After reviewing the evidence in the light most favorable to Lloyd, the Magistrate Judge concluded that Lloyd failed to plead facts that, if believed, could satisfy the elements necessary to prevail on his Eighth Amendment claim.[1] *See* Dkt. 45 at 4-9 (evaluating the merits of and finding insufficient facts to support Lloyd's constitutional claim). The Magistrate Judge also determined that Lloyd could not bring a malpractice claim under RCW 7.70.040, to the extent he was attempting to lodge such a claim. Dkt. 45 at 10-11.

The Magistrate Judge recommended granting Chief Powell Defendants' motion for summary judgment on these issues. Dkt. 45 at 11.

## II. DISCUSSION

### A. Lloyd's Eighth Amendment Claim

"A complaint that a physician has been negligent in diagnosis or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *see also Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Frost v. Agnos*, 152 F.3d 1124, 1130 (9th Cir. 1998). However, a showing of deliberate indifference to an inmate's serious medical needs would invoke the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle*, 429 U.S. at 104. Prevailing on a deliberate indifference claim requires a showing that the

---

[1]The Magistrate Judge also noted that Dr. Bokhari may not be a state actor for purposes of bringing a valid Eighth Amendment, given that Dr. Bokhari appears to work at a private hospital and is a private physician. *See* Dkt. 45 at 5 (citing Ninth Circuit case law that prevents bringing an Eighth Amendment claim when such facts are present). The parties did not brief this issue, and the Magistrate Judge, therefore, did not reach this issue. This Court also declines to reach this issue *sua sponte*.

ORDER – 2

prison official had a sufficiently culpable state of mind. *Famer v. Brennan*, 511 U.S. 825, 836 (1994).

The Magistrate Judge found that, when viewed in the light most favorable to Lloyd, the record reflects that Dr. Bokhari did everything she knew how to do for Lloyd and did not exhibit a deliberate indifference to his medical needs. *See, e.g.,* Dkt. 45 at 8 (detailing Dr. Bokhari's treatment of Lloyd). Lloyd's apparent disagreement with Dr. Bokhari's diagnosis and treatment is insufficient to obtain relief under 42 U.S.C. 1983.

Lloyd objected to these determinations of the Magistrate Judge. *See* Dkt. 63. However, the Court agrees with the Magistrate Judge that Lloyd has provided no competent evidence that could establish a material question of fact as to whether Dr. Bokhari was deliberately indifferent to Lloyd's medical needs when she treated and diagnosed him. *See* Dkt. 45. Indeed the undisputed evidence in the record supports the opposite conclusion. *E.g., id.*

Therefore, the Court adopts the report ant recommendation on this issue.

**B.  Lloyd's Medical Malpractice Claim**

In Washington, RCW 7.70 governs civil actions regarding injuries sustained from health care provided after June 25, 1976. Such actions for damages are exclusively governed by RCW 7.70.030. RCW 7.70.040 sets out the elements necessary to prove such claims. In short, Lloyd must prove that Dr. Bokhari was negligent and that her standard of care fell below the expected standard of care by an emergency medicine physician. Under the controlling law, absent exceptional circumstances, a claimant must provide competent, expert testimony to prevail on his or her medical malpractice claim. *Guile v. Ballard Community Hosp.*, 70 Wn. App. 18, 25 (1983) (citing *Harris v. Groth*, 99 Wn.2d 438, 449 (1983)). The expert testimony must be provided by a doctor possessing equivalent skills and expertise as those of the defendant doctor. *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216, 227-230 (1989).

ORDER – 3

The Magistrate Judge concluded that Lloyd "presented no expert testimony or other competent evidence to support his claims that Dr. Bokkari did not provide proper medical care." Dkt. 45 at 11. The Magistrate Judge also concluded that Lloyd failed to present any evidence of actual injury attributable to Dr. Bokhari's medical treatment or lack of treatment provided by her to Lloyd. This Court agrees with the conclusions of the Magistrate Judge.

Therefore, because Lloyd failed to provide evidence that would create a material question of fact regarding his claims, summary judgment is an appropriate resolution in this matter.

**C.  Lloyd's Objections**

Lloyd makes objection to certain factual assertions in the report and recommendation. Even if Lloyd's version of the facts are accurate, any error in the Magistrate Judge's statement of facts as alleged by Lloyd would not affect the legal conclusions made by the Magistrate Judge and adopted by this order.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Court **ADOPTS** the report and recommendation for the reasons stated herein and **GRANTS** Chief Powell Defendants' motion for summary judgment (Dkt. 27).

DATED this 2nd day of July, 2010.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 4