UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

                Plaintiff,

v.

MIKE POWELL, ED KLAHN, and C/O PROSE,

                Defendants.

No. C09-5734 BHS/KLS

ORDER DENYING MOTION TO COMPEL DISCOVERY

Before the court is Plaintiff's motion to compel. Dkt. 73. Defendants oppose the motion. Dkt. 83. Having considered the motion, opposition, and balance of the record, the court finds that the motion should be denied.

**DISCUSSION**

**A.**     **Good Faith Certification**

A party may apply to the court for an order compelling discovery "upon reasonable notice to other parties and all persons affected thereby." Fed. R. Civ. P. 37(a). The motion also "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention." Fed. R. Civ. P. 37(a)(2)(B). In addition, "[a] good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephonic conference." Local Rule CR 37(a)(2)(A).

ORDER - 1

Plaintiff's previous motions to compel were denied as Plaintiff failed to include a certification that he, in good faith, conferred or attempted to confer with the person or party failing to make the discovery in an effort to secure the information or material without court intervention in accordance with Fed. R. Civ. P. 37(a)(2)(B). Dkt. 70. In this motion, Plaintiff contends that he attempted on numerous occasions to confer with counsel for Defendants. Dkt. 73, p. 2.[1] However, counsel for Defendants Powell, Klahn and Prose states in his declaration that Plaintiff never wrote or otherwise contacted counsel for Defendants prior to filing the motion to compel. Dkt. 84. Accordingly, there is a serious question as to whether Plaintiff has attempted to comply with Rule 37 or CR 37(a)(1)(A)'s requirement to meet or confer prior to bringing his motion. This alone is grounds to deny Plaintiff's motion to compel.

Moreover, the court's review of Plaintiff's requests confirms that he is merely attempting to have Defendants change their responses because Plaintiff is not satisfied with the answers. This is not a proper basis for an order compelling production.

**B.      Plaintiff's Motion to Compel**

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, parties may obtain discovery of relevant information. Relevant information is defined as information that is "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court may deny relevant discovery, however, if the "burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(2)(iii). After careful review of the discovery requests, the objections stated, and argument of the parties, the Court finds that the motion to compel should be denied.

---

[1] Plaintiff also sought to compel answers to interrogatories, requests for production and requests for admissions that were directed to Dr. Bokhari. That portion of his motion was denied as moot as Dr. Bokhari's motion for summary judgment was granted and all claims against her were dismissed with prejudice. Dkt. 75.

ORDER - 2

Plaintiff alleges that he contracted food poisoning at the Forks City Jail from a "TV style" dinner and that Defendants violated his Eighth Amendment rights when they forced his premature release from the hospital and returned him to the Kitsap County Jail. Dkt. 4.

Plaintiff takes exception to several of Defendant Klahn's responses relating to Plaintiff's claim that Dr. Bokhari informed Defendant Klahn that Dr. Bokhari found high levels of toxic poisons in Plaintiff's kidneys. For example:

> Plaintiff ask defendant Sgt. Klahn: answer the evasive and incomplete "Interrogatory No. 17: If your answer to interrogatory No. 16 is yes, were you contacted by the city of Forks Hospital District No. 1; Doctor F. Bokhari, and informed that inmate/patient Larry Lloyd had high levels of toxic poison in his kidney? Defendant Klahn Answer: Objection: this interrogatory improperly assumes facts not in evidence. There is no evidence that doctor Freeha Bokhari ever diagnosed plaintiff with "high levels of toxic poison in his kidney." In fact, Dr. Bokhari has testified that she never diagnosed plaintiff as suffering from any sort of kidney damage. Subject to and without waiving this objection, not applicable.

Dkt. 73, p. 10. Plaintiff also objects to "not applicable" answers to interrogatories 23, 24 and 25, the answers to which were contingent on "yes" answers to each immediately preceding interrogatory. Plaintiff also seeks to compel phone records from Defendant Klahn to prove that Dr. Bokhari contacted the jail and informed Defendant Klahn that Mr. Lloyd was diagnosed with high levels of toxic poison in his kidney. *Id.* However, the undisputed evidence in this case reflects that Dr. Bokhari did not diagnose Mr. Lloyd with toxic poisoning or kidney damage.[2] Mr. Lloyd also claims that the information "that's being concealed" by Mr. Klahn can be proven through a letter sent to Dr. Bokhari and letters sent to his girlfriend." Dkt. 95, p. 5.

---

[2] Plaintiff's claims against the treating physician at the Forks Community Hospital have been dismissed with prejudice. Dkt. 75. Plaintiff claimed, in part, that Dr. Bokhari failed to diagnose that he had suffered food poisoning; however, tests performed at the hospital showed no toxins or damage to Plaintiff's kidneys. Over a month after his release from the hospital, Mr. Lloyd made a written request of Dr. Bokhari to change or modify the medical record to reflect that he had sustained a kidney injury. Dkt. 21, p. 3. She refused to do so because she did not believe that Mr. Lloyd suffered kidney damage. *Id.*

ORDER - 3

Defendant Klahn has answered the interrogatories under oath. Although it is clear that Mr. Lloyd is unhappy with the answers, this is not a reason to compel further responses. If Mr. Lloyd has evidence to contradict the responses, he may attempt to impeach the defendant with that evidence at trial.

Plaintiff also seeks to compel Defendant Powell to respond to interrogatories regarding whether he has a due process right to a medical follow-up. *Id.*, p. 11. Defendant Powell objected to these interrogatories as calling for an improper legal conclusion. A party need not provide legal conclusions in responses to discovery requests.

Accordingly, it is **ORDERED**:

(1) Plaintiff's motion to compel (Dkt. 73) is **DENIED.**

(2) The Clerk of the Court shall send a copy of this Order to Plaintiff and to counsel for Defendants.

DATED this 30th day of August, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4