# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

LARRY LLOYD,

        Plaintiff,

v.

CHIEF MIKE POWELL, SERGEANT ED KLAHN, and CORRECTIONAL OFFICER PROSE,

        Defendants.

NO. C09-5734 BHS/KLS

ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the court is Plaintiff's motion for leave to amend his complaint. Dkt. 77. Having carefully considered the motion, Defendants' opposition (Dkt. 85), and balance of the record, the court finds that the motion to amend should be denied.

**BACKGROUND**

Plaintiff filed his 42 page civil rights complaint on November 20, 2009. Dkt. 4. On February 10, 2010, the court entered a Pretrial Scheduling Order directing that all discovery was to be completed by July 2, 2010, and all dispositive motions filed by August 6, 2010. *Id.* According to Defendants, Plaintiff has served and Defendants have responded to numerous written discovery requests. Dkt. 84 (Declaration of Thomas P. Miller in Support of Response to Plaintiff's Second Motion to Compel).

On March 1, 2010, the court denied Plaintiff's motion to add the City of Forks Jail and City of Fork's Community Hospital as defendants because he failed to name any individual who had violated his constitutional rights and/or identify a policy, practice or custom of these municipal entities at issue in this case. Dkt. 26, p. 6. On March 10, 2010, Defendants filed a motion to dismiss Plaintiff's complaint. Dkt. 27. On April 13, 2010, Plaintiff filed his opposition to that motion and in it he attempted to assert claims of violation of Washington's Consumer Protection Act, Washington's Product Liability Act and conspiracy under 42 U.S.C. § 1982. Dkt. 42. Defendants filed a motion to dismiss. Dkt. 48. On June 28, 2010, the court converted Defendants' motion to dismiss to one for summary judgment and ordered Defendants to submit additional briefing by August 2, 2010. Dkt. 78.[1]

On July 12, 2010, ten days after the discovery cut-off, Plaintiff filed his motion to amend, seeking to assert claims for retaliatory transfer and retaliation for filing grievances under the First Amendment, violation of Washington Product Liability Act, violation of the Consumer Protection Act, and a claim under 42 U.S.C. § 1985. Dkt. 77. Defendants filed their motion for summary judgment and declarations in support on August 2, 2010. Dkts. 86-90. Plaintiff's second request for an extension of time to file his response and the motion is noted for October 1, 2010.[2]

**DISCUSSION**

A party may amend its complaint with leave of the Court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Liberality in granting a plaintiff leave to amend is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999) (citing *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987)).

---

[1] On July 7, 2010, Plaintiff's claim against Defendant Bokhari were dismissed with prejudice. Dkt. 75.
[2] That request is being granted under separate Order, which has not yet been assigned a docket number.

"In assessing whether leave to amend is proper, courts consider 'the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the proposed amendment.'" *United States, ex. rel., Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1052 (9th Cir. 2001) (cite omitted). *Id*. In deciding whether to grant leave to amend, "it is the consideration of prejudice to the opposing party that carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).

Mr. Lloyd waited three months to file a motion for leave to amend, although it is clear that he was aware of the additional claims he seeks to assert now in April 2010. He provides no explanation for this delay. The discovery and dispositive motions deadlines have passed and Defendants will be prejudiced by allowing the requested amendment. Defendants have already prepared two motions in response to the Plaintiff's pleadings – first, their motion to dismiss, which was converted to a motion for summary judgment by virtue of the materials presented by Plaintiff in opposition, and now a lengthy summary judgment motion, which is supported by four declarations. If Plaintiff is allowed to amend, discovery must be reopened and Defendants will have to mount yet another defense to the newly asserted claims. Counsel for Defendants states that he has spent tens of hours preparing the motion for summary judgment. Dkt. 85, p. 3.

Plaintiff has provided no explanation for his delay in seeking to amend his complaint; the discovery and dispositive motion deadlines have passed; Defendants' dispositive motion is pending and they will be unfairly prejudiced by the assertion of additional claims.

Accordingly, it is **ORDERED:**

(1)  Plaintiff's motion for leave to amend (Dkt. 77) is **DENIED.**

| | |
|---|---|
| 1 | (2) The Clerk shall send a copy of this Order to Plaintiff and counsel for |
| 2 | Defendants. |
| 3 | |
| 4 | |
| 5 | DATED this  14th  day of September, 2010. |

/s/ Karen L. Strombom
Karen L. Strombom
United States Magistrate Judge