UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LARRY LLOYD,

    Plaintiff,

v.

CHIEF MICHAEL POWELL, et al.,

    Defendants.

Case No. C09-5734BHS

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable Karen L. Strombom, United States Magistrate Judge (Dkt. 124), Plaintiff's ("Lloyd") objections to the R&R (Dkt. 139), Lloyd's motion for leave to file excess pages (Dkt. 143), and Defendants'[1] ("Forks City Defendants") motion to strike (Dkt. 142). For the reasons discussed herein, the Court overrules Lloyd's objections, adopts the R&R, grants Plaintiff's motion to file excess pages, and grants in part and denies in part Defendants' motion to strike.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Lloyd's challenge to medical treatment that he received in response to his complaints of food poisoning, which he made while serving time as an inmate of the Forks, Washington City Jail. The magistrate judge summarized the case accurately as follows:

---

[1] Dr. Bokari has already been dismissed from this action. Dkt. 75. The Court will refer to the remaining Defendants as "Forks City Defendants" to mirror the R&R.

ORDER – 1

| | |
|---|---|
| 1 | Plaintiff Larry Lloyd claims that he contracted food poisoning from a "T.V. Style Dinner" served to him at the Forks City Jail on November 15, 2008. He was taken to the Forks Community Hospital where he was treated, kept for observation, and discharged the next day after his symptoms improved and test results indicated no cause for further hospitalization. Mr. Lloyd filed suit against Mike Powell, Chief of Police for the City of Forks Police Department; Ed Klahn, a Sergeant for the City of Forks Police Department; and, Lex Prose, a correctional officer at the City of Forks Jail ("Forks City Defendants"). He also sued Dr. Freeha F. Bokhari, the treating emergency room physician at the Forks General Hospital. His claims against Dr. Bokhari have been dismissed with prejudice. [Dkt. 75.2]

The claims against the Forks City Defendants include that (1) Defendant Prose forced Mr. Lloyd to leave the hospital before Dr. Bokhari had completed his medical tests, kept him from seeking a scheduled follow-up, and refused him the "right to seek any form of medication if needed"; (2) Forks City Defendants Powell and Klahn ignored his pain; (3) he was placed in segregation for "at best ten days" for filing a grievance; and, (4) Forks City Defendants transferred him to the Kitsap County Jail where he could be better monitored in retaliation for his medical complaints and grievances. Mr. Lloyd claims that he now suffers from kidney damage and "gastroentero reflex" because Sergeant Klahn failed to provide him with nutritionally adequate food.

Mr. Lloyd asks that the Forks City Defendants be ordered to desist in serving spoiled food, from interfering with the orders of medical personnel, and help pay for a new kidney in the future in the event his "other" kidney fails him. |

Dkt. 124 at 1-2.

On November 8, 2010, the magistrate judge recommended granting Forks City Defendants' motion for summary judgment because Lloyd failed to establish a violation of his constitutional rights under 42 U.S.C. § 1983. On January 20, 2011, Lloyd objected to the R&R. Dkt. 139. On February 3, 2011, Forks City Defendants responded in opposition to Lloyd's objections. Dkt. 142. Lloyd did not reply.

Within their response, Forks City Defendants moved to strike Lloyd's excess pages and to strike certain statements and exhibits that rely on alleged facts not previously introduced into the record until Lloyd filed his objections to the R&R. *See* Dkt. 142. In response, Lloyd filed a motion for leave to file excess pages. Dkt. 143.

ORDER – 2

## II. DISCUSSION

### A. Lloyd's Motion for Leave to File Excess Pages

Lloyd's motion for leave to file excess pages is granted in consideration of his *pro se* status. Therefore, Forks City Defendants' motion to strike Lloyd's excess pages is denied.

### B. Defendants' Motion to strike Exhibits and Allegations

Forks City Defendants move to strike Lloyd's Exhibits B, D, and E to his declaration. Dkt. 140. Forks City Defendants also move to strike certain allegations within Lloyd's objections. *See* Dkt. 142 at 2 (setting out allegations to be stricken). Forks City Defendants further move to strike Lloyd's allegations that he suffered "toxic posioning" to his kidney and that he suffered from a "serious medical condition." *Id*. at 2.

The Court having reviewed the record and the motion to strike agrees that these exhibits and particular allegations are to be stricken, as they were not previously part of the record.

The Court, however, denies as moot the motion to strike regarding "toxic posioning" and because the Court already ruled in favor of Forks City Defendants on this issue. *See* Dkt. 45 at 8. As for the motion to strike allegations of a "serious medical condition," the magistrate judge correctly noted that such is a matter of proof and not pleading and, therefore, the motion to strike on this issue is denied.

### C. Lloyd's Objections to the R&R

#### 1. Eighth Amendment

Lloyd alleged a violation of his constitutional rights under the Eighth Amendment – denial of medical care and deliberate indifference. To sustain such a cause of action, Lloyd must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

Aside from raising arguments that were properly rejected by this Court in prior orders or by the magistrate judge in her R&R, Lloyd has still presented no evidence that any act or

ORDER – 3

omission by the Forks City Defendants violated his constitutional rights. Further, Lloyd has not adequately supported any claim that the magistrate judge erred in recommending that the Forks City Defendants' motion for summary judgment be granted on this Eighth Amendment Issue.

Therefore, the Court adopts the R&R on this issue.

### 2. First Amendment

Lloyd alleges that he was placed in segregation to "chill" his grievances and that the Forks City Defendants transferred him to the Kitsap County Jail out of retaliation for his grievances. To succeed on this First Amendment claim, Lloyd must show that (1) he was engaged in a constitutionally protected activity; (2) Forks City Defendants' adverse action caused Lloyd to suffer an injury that would likely chill a person of ordinary firmness from continuing to engage in that activity; and (3) the adverse action was motivated at least in part as a response to the exercise of Lloyd's constitutional rights. *See Mendocino Envtl. Center v. Mendocino Cnty.*, 192 F.3d 1283, 1300-01 (9th Cir. 1999)**.**

Aside from raising arguments that were properly rejected by this Court in prior orders or by the magistrate judge in her R&R, Lloyd has still presented no evidence that his placement in segregation or his transfer were motivated, at least in part, in response to the exercise of his right to file grievances. Lloyd has also failed to make any showing other than timing, which alone is insufficient, to support his claim of retaliation (i.e., that he exercised his right and then he was transferred). Indeed, evidence was adduced before and correctly relied upon by the magistrate judge that established disciplinary reasons for the transfer.

In short, Lloyd has not adequately supported any claim that the magistrate judge erred in recommending that the Forks City Defendants' motion for summary judgment be granted on this First Amendment issue.

Therefore, the Court adopts the R&R on this issue.

ORDER – 4

## III. ORDER

The Court having considered the R&R, Plaintiff's objections, and the remaining record, does hereby find and order as follows:

(1) Lloyd's objections are **OVERRULED**;

(2) Lloyd's motion to file excess pages is **GRANTED;**

(3) The Forks City Defendant's motion to strike is **GRANTED in part and DENIED in part** as discussed herein;

(4) The R&R is **ADOPTED**;

(5) The Court **GRANTS** the Forks City Defendants motion for summary judgment and Lloyd's claims against them are **DISMISSED with prejudice**.

DATED this 7th day of March, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 5